UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

CHARLES MONTAGUE #142349 )
)
v. ) NO. 2:07-CV-254
)
HOWARD CARLTON, Warden )

**MEMORANDUM OPINION**

Following a 1993 re-trial by a jury in the Criminal Court for Washington County, Tennessee, petitioner Charles Montague was convicted of possession of cocaine for resale, possession of drug paraphernalia, and possession of marijuana. For these three offenses, the trial court imposed sentences of six years (one term) and eleven months and twenty-nine days (two terms) to be served consecutively to one another and consecutively to the life sentence previously imposed for a first-degree murder conviction.

Montague now brings this *pro se* petition and amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his confinement is unconstitutional. [Docs. 3 and 5]. Respondent has filed a motion to dismiss and a supporting brief, arguing that the petitions should be dismissed on grounds of non-

exhaustion of state remedies, timeliness, or procedural default of the claims asserted. [Docs. 12, 13]. For the reasons which follow, the motion will be **GRANTED**.

## I. STANDARD OF REVIEW

A state criminal defendant may obtain federal habeas relief if he can demonstrate that he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States Districts Courts, the Court is to determine, after a review of the entire record whether an evidentiary hearing is required. If a hearing is not required, the district judge may dispose of the case as justice dictates. After carefully reviewing the entire record, the Court finds it unnecessary to hold an evidentiary hearing.

## II. FACTUAL BACKGROUND

The facts are derived from the Court of Criminal Appeals' opinion during direct review. *See State v. Montague*, 1995 WL 509426, \*1-\*2 (Tenn. Crim. App. Aug. 29, 1995, *perm. app. den.* (Tenn. 1995). According to testimony at a suppression hearing, a police officer, who had received information from a confidential informant (hereinafter CI) that Montague was bringing cocaine to Johnson City, Tennessee to sell, observed him for three days in locations frequented by crack dealers. During the surveillance, the officer witnessed conduct consistent with the information given by the CI, who had provided reliable information in the

2

past, which had led to other arrests involving this type of crack cocaine. In this case, the CI stood on the same corner as Montague, leaving occasionally to page the watching officer.

On August 4, 1993, the agent radioed for backup and another officer stopped Montague's vehicle. After a drug dog sniffed around the vehicle and alerted, the vehicle was searched. Officers discovered a ziplock bag in the console of the car which contained individually wrapped white substances, later found to be cocaine. Also found in the automobile was a key to Montague's motel room. The room was searched, pursuant to a warrant, and located therein were a .22 caliber semiautomatic pistol, a set of triple beam scales, and some marijuana.

### III. LAW AND ANALYSIS

In support of respondent's motion to dismiss, he offers three arguments.

A. *The Exhaustion Argument*

As a precondition to filing a petition for habeas corpus relief, a petitioner must exhaust his state remedies, as required in 28 U.S.C. § 2254(b)(1). *See also Rose v. Lundy*, 455 U.S. 509 (1982). Moreover, exhaustion requires that a petitioner fairly present his federal claim to the state courts in a procedural context where a merits review is likely. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Montague bears the burden of showing exhaustion of those remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In his initial pleadings, Montague stated that he was currently pursuing habeas corpus relief in Tennessee courts. Thus, as respondent correctly argues, Montague had not exhausted his state remedies at the time he filed his § 2254 petition. [Docs. 12, 13]. However, since these habeas corpus proceedings began, Montague's state petition proceeded through the state courts and concluded on February 17, 2009, when the Tennessee Supreme Court rejected his application for permission to appeal the habeas corpus matter. (Doc. 20 and attachment). Thus, since Montague's pursuit of habeas corpus relief in the state courts has terminated, dismissal of his federal petition for failure to exhaust state remedies would no longer be appropriate because that issue is now moot. *Carter v. Bell*, 145 F.3d 1330 (Table decision), 1998 WL 270361 (6th Cir. May 21, 1998) (per curiam).

B. *The Timeliness Argument*

The Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA) contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244. Montague's convictions became final on March 28, 1996, upon the expiration of the ninety-day period for seeking United States Supreme Court review of the state supreme court's decision on his direct appeal. *State v. Montague*, No. 03C01-9406-CR-0233, 1995 WL 509426 (Tenn. Crim. App. Aug. 29, 1995), *perm. to app. den.* (Tenn. 1995). Because Montague's judgment became final on a date prior to the enactment of the AEDPA, the time for

4

filing his § 2254 petition would expire on April 24, 1997, which is one year from the enactment date of the AEDPA. *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999) (finding that habeas corpus petitioners whose state convictions were final on direct appeal prior to the effective date of the AEDPA are afforded a one-year grace period, up to and including April 24, 1997, in which to file a § 2254 petition).

The statute began to run in Montague's § 2254 case on April 24, 1996. The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief. 28 U.S.C. § 2244(d)(2). On August 6, 1996, after one-hundred and four days had elapsed, Montague filed a post-conviction petition. The case was dismissed by the trial court because neither Montague's *pro se* petition nor his attorney-filed amended petition had been verified under oath. On September 4, 2001, the appellate court affirmed the dismissal. *Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464 (Tenn. Crim. App. Sept. 4, 2001).

To comply with Tennessee post-conviction law and its rules governing the form of a petition for post-conviction relief, that pleading must be verified under oath. *See* Tenn. Code Ann. § 40-30-104(e) (providing that a post-conviction petition and any amended petition "shall be verified under oath").[1] To be "properly filed," under the AEDPA's tolling provision, the delivery and acceptance of a state post-

---

[1] This requirement is intended "to deter or to reduce intentionally false allegations primarily made by petitioners by exposing them to aggravated perjury charges." *Sexton v. State,* 151 S.W.3d 525, 530 (Tenn. Crim. App. 2004).

5

conviction petition must comply with the applicable laws and rules governing such filings, including requirements imposed on "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000).

The Court has found no decision regarding whether § 2244(d) is tolled under the circumstance presented here. Nevertheless, it is clear that Montague failed to adhere to Tennessee's law prescribing that his petition be verified under oath, that the state court dismissed it on this basis, without a "merits" consideration, and that the state supreme court has unambiguously stated that a trial court has no authority to entertain a petition which is not properly verified. *Holton v. State*, 201 S.W.3d 626 (Tenn. 2006), *as amended on denial of reh'g*, (June 22, 2006) (holding that a trial court lacks authority to consider a petition unless it is signed and verified under oath by the petitioner or, if petitioner is incompetent, his "best friend" or legal representative).

This Court concludes, as a matter of first impression, that a post-conviction petition which is not verified under oath does not comply with Tennessee's applicable laws and rules governing such filings and, thus, that it cannot be considered to be "properly filed" so as to toll § 2244(d).

Since Montague's post-conviction petition did not stop the AEDPA clock, it continued to tick for two-hundred, sixty-one days before expiring on April

27, 1997. The filing of the state habeas corpus petition in 2002 did not toll § 2244(d)'s one-year period because, by the time the petition was filed, the AEDPA's statute of limitations had long since lapsed and there was nothing left to toll. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." ). Therefore, this § 2254 petition, filed under the "mailbox rule" on September 25, 2007[2]—some ten years after the lapse of the statute of limitations, is time-barred.

Even if the petition were not untimely, it would be due to be dismissed for other reasons. *Artuz,* 531 U.S. at 9 (noting that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." (2000) (italics in the original).

C. *The Procedural Default Argument*

Under 28 U.S.C. § 2254(b) (1), a state prisoner's petition for a writ of habeas corpus will not be granted unless he has exhausted his available state court

---

[2] The "mailbox rule" as recognized in *Houston v. Lack*, 487 U.S. 266, 270 (1988), deems a pleading to be filed on the date that it is handed to prison officials for mailing. The face of the envelope containing the instant petition reflects that it was passed to the prison authorities for mailing on September 25, 2007.

remedies. Exhaustion requires that a petitioner fairly present his federal claim first to the state courts, in a procedural context where a merits review is likely. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). A prisoner who has failed entirely to present a claim in the state courts, and who is now barred by a state procedural rule from returning with his claim to those courts, has committed a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A prisoner also procedurally defaults his federal claim if he presents it to the state courts but those courts hold that consideration is foreclosed due to the prisoner's failure to meet a state procedural requirement. *See, e.g., Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on appeal); *Wainwright v. Sykes*, 433 U.S. 72 (1977) (failure to comply with state's contemporaneous objection rule at trial). Also, a claim must also be offered on a constitutional basis—not merely as one arising under state law. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (citing *Riggins v. McMackin*, 935 F.2d 790, 792-93 (6th Cir. 1991)).

For all types of procedural default, federal review is foreclosed, unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Coleman,* 501 U.S. at 732, *Wainwright,* 433 U.S. at 81. Respondent relies on a procedural default defense with respect to all grounds raised in the petition. The grounds will be discussed in turn.

*Ground One*:  In his first claim, Montague contends that he was denied due process and equal protection based on the state court's supposed delay in rendering a ruling on his state habeas corpus petition and in advising him when it issued the decision on the matter.  Montague's assertions with regard to the state habeas court's delay or the adequacy of its notification procedures are not cognizable habeas corpus claims, *see Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986) (finding that claims of constitutional violations during post-conviction proceedings were not cognizable under § 2254 because they did not involve a prisoner's detention), and, therefore, will not be considered here.

*Grounds Two & Three*:  Montague's second and third claims center on alleged violations of his Fourth Amendment right not to be subjected to unreasonable searches and seizures, including those which lack probable cause.  In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494.  In other words, a habeas petitioner may not seek to raise issues challenging the legality of a search and seizure, if he had a full and fair opportunity to raise the claims in state court and if the presentation of the claims was not frustrated by any failure of the state's corrective processes. *Id.* at 494-95.

A review of the record makes it clear that petitioner was given a chance to fully and fairly litigate his Fourth Amendment claims in the Tennessee courts. Montague filed a motion to suppress the evidence obtained during a search of his automobile and motel room, based on Fourth Amendment grounds, an evidentiary hearing was held on the motion, during which petitioner was allowed to offer his objections to the searches and cross-examine the officers involved, and the trial court, finding no reason to suppress, denied the motion. *State v. Montague*, 1995 WL 509426, *1 - *3 (Tenn. Crim. App. Aug. 29, 1995). Thus, under the *Stone* doctrine, Montague's exclusionary rule claims are not reviewable in this federal habeas corpus proceeding.

*Ground Four*: In this claim, Montague alleges that, in violation of his right to a fair trial and to equal protection under the law, the state court denied the defense's request to reveal the identity of the confidential informant [CI] and to question him. According to Montague, he was entitled to these things because CI-supplied information was incorporated into the affidavit which, in turn, was used to support issuance of the search warrant and because his attorney wanted to establish that the information furnished by the CI was false.

In the state appellate court, this claim was interpreted as a claim that the trial court erred in finding that the CI's credibility and reliability had been proven and that information he offered to law enforcement established probable cause to stop

Montague and search his vehicle. The state appellate court applied the two-pronged test in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1979), which requires the prosecution to show: (1) that a CI is reliable and (2) that there was a basis of knowledge of the underlying circumstances. The Tennessee Court of Criminal Appeals ultimately concluded that the officer's testimony at the suppression hearing satisfied the test and provided the officer with probable cause to stop Montague and to search his car. *Montague*, 1995 WL 509426, at *2 - *3.

Under the AEDPA, habeas corpus relief may be granted only when the adjudication of a claim results in a state court decision that: (1) is contrary to, or involves an unreasonable application of, clearly established Supreme Court precedent or (2) is based upon an unreasonable determination of the facts in light of the evidence before the state courts. *See* 28 U.S.C. § 2254(d)(1) and (d)(2).

A state court's decision is "contrary to" federal law when it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or resolves a case differently on a set of facts that cannot be distinguished materially from those upon which the precedent was decided. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" prong of § 2254(d)(1), the relevant inquiry is whether the state court identifies the correct governing legal rule from Supreme Court decisions but unreasonably applies that rule to the particular facts of the case. *Id.* at 413. The habeas court is to determine <u>only</u> whether the state court's

11

decision is objectively reasonable, <u>not</u> whether, in the habeas court's view, it is incorrect or wrong. *Id*. at 411.

Additionally, a factual determination made by a state court is presumed correct unless a petitioner rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Moreover, if a petitioner has failed to develop a factual basis for his claim in state court, he will only be entitled to an evidentiary hearing if he can show either that the legal basis for the claim involves a new and previously unavailable rule of constitutional law which the Supreme Court has made retroactive on collateral review or that the factual basis could not have been discovered earlier through the exercise of due diligence and that the facts are sufficient to show by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. *See* 28 U.S.C. § 2254(e)(2).

The *Stone*-bar to Fourth Amendment claims likely applies to this claim as well, given that not only did Montague have a full and fair opportunity to present the CI issue at the suppression hearing, but that he actually litigated the issue. Even if the issue does not fall within *Stone*'s scope, with certain exceptions not relevant here, disclosure of the identity of a CI is not required. *Scher v. United States,* 305 U.S. 251 (1938); *United States v. Willis*, 473 U.S. 450 (6th Cir.), *cert. denied*, 412 U.S. 908 (1973); *see also Spinelli,* 393 U.S. 490 (1969) (implicit in decision). The Court of Criminal Appeals' resolution of the CI claim is not contrary to the legal rule

governing this issue nor an unreasonable application of the *Aguilar-Spinelli* line of cases.

*Ground Five*: Montague asserts, in this claim, that his sentence was enhanced beyond the "presumptive" sentence mandated by state law based on facts not determined by a jury and proven by the prosecution beyond a reasonable doubt. He suggests that the enhancement was improper because it was based on a prior conviction for murder, even though the homicide conviction was not considered final since it was pending on appeal. The lengthening of his sentence, he argues, violates his Sixth Amendment jury trial right, as explained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Cunningham v. California,*, 549 U.S. 270 (2007).[3]

Montague reports that he offered this claim in his state habeas petition as Issue Number Six. However, offering the claim in his state habeas proceedings cannot save the claim from a procedural default bar. Under Tennessee law, a prisoner may file a habeas corpus petition in its courts only to challenge a judgment which on

---

[3] *Apprendi* held that, with the exception of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt. *Id.* at 490. In *Blakely*, the Supreme Court applied *Apprendi* to Washington state's sentencing law and, in *Booker*, to the United States Sentencing Guidelines. *Cunningham* found that the middle term in California's determinant sentencing scheme was the statutory maximum for *Apprendi*-purposes and that any fact which permitted an upper term sentence must be found beyond a reasonable doubt by a jury.

13

its face is void because the court lacked jurisdiction or authority to render the judgment or because his sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A *Blakely* violation, in and of itself, is not cognizable in a state habeas corpus petition since it does not render a judgment void, but only voidable. *Fortner v. State*, 2008 WL 1839157, at *4 (Tenn. Crim. App. Apr. 24, 2008) (listing cases).

The Court of Criminal Appeals found that this claim was not raised in the lower state court and, therefore, could not be raised for the first time on appeal, thereby, invoking (by implication) the state procedural rule of waiver. It further found that the jury right claim was not a cognizable ground for habeas corpus relief, since a *Blakely* violation, even if it occurred, would not make a judgment void. *See Castille*, 489 U.S. at 351 (requiring that a federal claim be offered to state courts in a procedural context where a merits review is likely). By failing to raise the claim in the lower state court at his first opportunity and by failing to fairly raise it in accordance with state law and procedural rules (the state's waiver rule and *Castille*'s fair presentation rule), Montague has committed a double procedural default and has not shown cause and prejudice to surmount it.

But, even if this procedural bar could somehow be overcome, Montague still would not be entitled to habeas corpus relief on this claim. This is so because Montague's drug related convictions became final on March 28, 1996, and because

the *Apprendi, Blakely, Booker, and Cunningham* decisions were issued respectively in 2000, 2004, 2005, and 2007.

Therefore, any *Apprendi*-style claim is subject to the rule in *Teague v. Lane*, 489 U.S. 288, 311-16 (1989), which holds that "[n]ew rules always have retroactive application to criminal cases on direct review... [but] seldom have retroactive application to criminal cases on federal habeas." *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993) (citing *Teague*) (internal citations and punctuation marks omitted). Indeed, the Supreme Court expressly has declined to decide whether *Blakely* announced a new rule, and if so, whether it applies retrospectively to collateral review cases. *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam). To sum up, review is unavailable for this jury right claim because it has been procedurally defaulted or is *Teague*-barred.

*Grounds Six & Seven*:[4] In Ground Six, Montague maintains that his indictment for felony possession of Schedule VI marijuana was constructively amended by the prosecutor and the trial judge. In Ground Seven, he contends that there was a fatal variance between the indictment for felony possession of Schedule VI marijuana and the evidence introduced at trial. (The gist of this claim is that he was indicted for felony possession, but that the proof at trial showed only

---

[4] According to Montague, these two claims and the ones which follow were offered in his state habeas corpus petition, respectively, as Issues (1), (2), (3), and (5).

misdemeanor possession, and that he was convicted of the misdemeanor and not the felony).

The Court of Criminal Appeals held that the allegations concerning a fatal variance and the related sufficiency of the evidence were not cognizable habeas corpus issues. Montague's failure to offer the claims at a time and in a manner, such as in his direct appeal, which would have made state court review on the merits likely, constitutes a procedural default. *Castille*, 489 U.S. at 351. Absent a showing of cause and prejudice, federal review is unavailable. *See Lucas v. O'Day*, 179 F.3d 412, 418 (6th Cir. 1999) (finding that petitioner's procedural default in state court and failure to show cause and prejudice barred habeas review of his constructive amendment claim).

*Ground Eight*: The petition alleges that the third count of the indictment did not state facts and circumstances which would constitute the crime of possession of drug paraphernalia. He faults the indictment for omitting the words "knowingly, intentional, and wilful" which he believes are elements of the crime of possession. As he sees it, the indictment was invalid for failing to include a mental element and the trial court lacked jurisdiction to try him. By raising this claim in this federal court, without having offered it first to the state courts in an manner calculated to obtain review(i.e., direct appeal), *Castille*, 489 U.S. at 351, petitioner has committed a

procedural default, for which no cause and prejudice has been shown. Federal review is foreclosed.

*Ground Nine*: Montague asserts, in this claim, that his sentences for Counts One, Two, and Three of Indictment No. 18075 are fully expired. This claim is based on his argument that, if the State would acknowledge that he is entitled to pretrial jail credits, sentence reduction credits, and credit for time at liberty and in prison, his sentences have been served. As in the previous claim, this claim was presented in Montague's state habeas corpus appeal and found by the Court of Criminal Appeals not to be a recognizable claim in those proceedings and not to support the issuance of the writ.

As discussed previously, a claim which has not been fairly presented to the state courts, in a procedural context where a merits review is likely, has not been exhausted. *Id.* If there is no longer an available state court remedy, then the claim has been technically exhausted, but at the same time, procedurally defaulted. *Coleman*, 501 U.S. at 732. Nothing resembling cause and prejudice has been offered. Federal review is no longer obtainable on this claim.

### III. *CONCLUSION*

Based on the above discussion, respondent's motion to dismiss will be **GRANTED** [Doc. 12] and Montague's § 2254 petitions [Docs. 1, 3] will be **DISMISSED**.

17

A separate order will enter.

**ENTER**:

                                                <u>s/J. RONNIE GREER</u>
                                      UNITED STATES DISTRICT JUDGE