# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CHARLES MONTAGUE, | ) |
|     Petitioner, | ) ) ) |
| v. | )    No. 2:07-cv-254-JRG-MCLC |
| RANDY LEE, Warden, | ) ) ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

Charles Montague ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2254 seeking to vacate, set aside, or correct the sentence entered in his criminal case [Doc. 3], which the Court dismissed on March 15, 2010 [Doc. 27]. This case is now before the Court for a determination regarding the issuance of a certificate of appealability for the Court's denial of Petitioner's motion for reconsideration [Doc. 53].

The Sixth Circuit recently summarized the procedural history of Petitioner's state and federal appellate and post-conviction proceedings, stating:

> In 1990, a Tennessee jury convicted Montague of possessing cocaine for intended sale, possessing marijuana, and possessing drug paraphernalia. The case was remanded for a new trial because of a suppression issue. While a new trial on his drug charges was pending, Montague was convicted of first-degree murder. He was sentenced to life imprisonment for the murder, and that sentence was affirmed.
>
> A jury convicted Montague of the drug charges again in 1993. He was sentenced to six years of imprisonment on the cocaine charge and consecutive terms of eleven months and twenty-nine days on the other drug charges, to be served consecutively to the life sentence that he had received for the murder. That sentence was affirmed. Montague then filed several unsuccessful actions for state post-conviction relief.
>
> In 2007, Montague filed a federal habeas corpus petition challenging the drug convictions, alleging trial-court delay and error, an unreasonable search and

> seizure, an improper sentencing enhancement, a constructive amendment to and fatal variance in the indictment, and the expiration of his sentences. The district court dismissed the petition, concluding that petition was untimely and that Montague's claims were procedurally defaulted, not cognizable, or otherwise lacked merit.
>
> In 2013, Montague filed a motion for relief from judgment, alleging that the default of his claims was caused by the ineffective assistance of the attorney who represented him in a state post-conviction action. *See* Fed. R. Civ. P. 60(b). He relied on *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), which held that the failure of counsel to properly litigate post-conviction ineffective-assistance-of-counsel claims in state court may excuse a defendant's procedural default. The district court denied the Rule 60(b) motion on April 8, 2013, noting this court's holding that *Martinez* does not apply to habeas corpus cases that involve Tennessee convictions. *See Hodges v. Colson*, 711 F.3d 589, 612 (6th Cir.), *amended and superseded by* 727 F.3d 517 (6th Cir. 2013).
>
> This court declined to issue a certificate of appealability. *Montague v. Carlton*, No. 13- 5503 (6th Cir. Mar. 28, 2014) (unpublished order). We noted an intervening decision which "clarified that, in light of the Supreme Court's opinion in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), a habeas petitioner challenging a Tennessee conviction may assert that the ineffective assistance of post-conviction counsel excuses his procedural default of a claim of ineffective assistance of trial counsel." *Id.* at 2-3 (citing *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014)). Nevertheless, we rejected Montague's argument that the ineffective assistance of post-conviction counsel provided an equitable reason for overlooking his procedural default. This was so because none of the claims in Montague's § 2254 petition involved the ineffective assistance of counsel at trial.
>
> In 2014, Montague filed an application for leave to file a second or successive habeas corpus petition under § 2254. *In re Montague*, No. 14-5429 (6th Cir. Jan. 14, 2015).
>
> . . .
>
> We denied his application, determining that Montague had not met the specific statutory requirements under 28 U.S.C. § 2244(b)(2) for obtaining this court's permission to file another § 2254 petition. Id.

[Doc. 49 at 1–3]. The Sixth Circuit subsequently denied Petitioner's second application for leave to file a second or successive § 2254 petition, stating that Petitioner had not identified any newly discovered evidence or shown that the *Martinez* holding was made retroactively applicable to cases on collateral review [*Id.*]. Petitioner then filed his second "Motion to Reopen Judgment, Per Rule

2

60(b)" on June 1, 2017 [Doc. 50], including a memorandum of law in support of his Rule 60 motion [*Id.* at 6–36].

The Court denied Petitioner's motion under Rule 60(b) on February 21, 2018, holding that "Petitioner has failed to demonstrate extraordinary circumstances warranting relief from the Court's previous judgment" [Doc. 53 p. 9]. Petitioner then filed a notice of appeal with the Sixth Circuit [Doc. 54]. This case is now before the Court for a determination regarding the issuance of a certificate of appealability.

A certificate of appealability is a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). A certificate of appealability shall issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied the habeas petition on the merits, then the applicant must show that "reasonable jurists could debate whether" it "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted); *see, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003).

In this case, the Court finds that Petitioner has not demonstrated that reasonable jurists would debate whether he was entitled to relief under Rule 60(b)(6). Accordingly, Petitioner has not "made a substantial showing of the denial of a constitutional right," and a COA **SHALL NOT ISSUE**. *See* 28 U.S.C. § 2253(c)(2). Lastly, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE